15989

WILLIAMSON *ET AL.* v. ROBERTS
(44 S. E. (2d) 317)

*Messrs. Epps & Epps,* of Conway, for Appellants,

Mr. J. Reuben Long, of Conway, for Respondent,

September 17, 1947.

FISHBURNE, J.: This proceeding was commenced in the Circuit Court of Horry County for the purpose of enforcing the landlord's lien for rent under the provisions of Sections 8771 and 8775 of the Code.

Hughy J. Williamson owned the farming land in question. By his will he left the property to the plaintiffs, subject to the life estate of his wife, Ella Williamson, who died on December 19, 1945.

On September 24, 1943, the life tenant rented the land to the defendant, J. B. Roberts, by written lease for the term of one year, beginning December 1, 1943, and ending December 1, 1944, for a rental of $600.00, payable September 1, 1944. The lease provided that the tenancy should continue from year to year on the same terms, unless the party desiring to terminate it should give to the other party a written notice of one month. No such notice was given and the tenant remained in possession from year to year.

After the death of the life tenant, the plaintiff-landlords, by their guardian *ad litem,* sued out an agricultural warrant

on August 3, 1946, to enforce the payment of rent claimed under a contract entered into between them and J. B. Roberts, the defendant, in the sum of $800.00, for the year 1946. No crops were seized under the warrant of attachment because the tenant gave the usual bond.

In his affidavit the defendant set forth the contract hereinabove mentioned between him and Mrs. Williamson, the life tenant, and alleged that prior to her death on December 19, 1945, he had continued in possession of the land under his lease, planted tobacco beds, several acres of oats, and had prepared a large part of the land for cultivation. He specifically denied that he had entered into any additional agreement with the plaintiffs to pay them any rent during the year 1946.

Upon the trial of the case no issues were formally framed. The affidavit of the plaintiffs was treated as a complaint, and the affidavit of the defendant was treated as an answer.

When the plaintiffs closed their testimony, the defendant moved for a non-suit upon the ground that there was a total failure of evidence tending to prove the contract alleged to have been entered into between him and the plaintiffs. After argument a decision on the motion was deferred, the trial judge suggesting that he wished to hear the whole case. The defense then introduced testimony and offered in evidence the written lease between the defendant and the life tenant. The evidence tended also to show that the defendant had paid the life tenant the sum of $600.00 cash in advance 19 days before her death, that is, on December 1, 1945, for the contract year December 1, 1945, December 1, 1946.

Upon the conclusion of the testimony offered by the Defense, Counsel for the plaintiffs moved for a directed verdict for the plaintiffs for the sum of $600.00, this being the amount of the rent which defendant contracted to pay the life tenant for the year 1946. Or in the alternative, for a directed verdict in favor of the plaintiffs for $600.00 less 19/31 of 1/12 of such amount.

The defendant then moved for a directed verdict upon the ground that the plaintiffs had totally failed to prove the contract alleged to have been entered into between the defendant and the plaintiffs for an annual rental of $800.00. And upon the further ground that no rent was due in any event for the reason that the defendant had leased the property from the life tenant, Mrs. Williamson, and had paid her the rental in advance, to wit, $600.00 in cash on December 1, 1945, which entitled him to the possession of the property until December 1, 1946.

After argument, the Court directed a verdict in favor of the defendant. He held that the defendant had entered into a valid contract with the life tenant for the leasing of the land from December 1, 1945, until December 1, 1946, and that it appeared without contradiction that the rental of $600.00 had been paid in advance to the life tenant on December 1, 1945.

In granting the motion for the defendant the trial judge stated: "Now, there is nothing I can find in the Statutes here that says when the rent must fall due. I think a person who has the right to rent a farm, has the right to fix the time for the rent to fall due. The lady fixed that time and the money was paid and I think he has the land; this is an unusual case, an unusual proceeding".

As appears from the record, the judge adopted the view that the life tenant, Mrs. Williamson, not only had the power to rent the land for the year 1946, but also to collect the entire rent therefor in advance. The appellants question this disposition of the case.

The provisions of the Code applicable to the question here at issue are shown in the following sections:

"8797. Recovery of rent if life tenant die before it is payable.—Where any tenant for life shall happen to die before or on the day on which any rent was reserved or made payable upon any demise or lease of any lands, tenements, or hereditaments, which determined on the death of

such tenant for life, the executors or administrators of such tenant for life shall and may recover of and from such under-tenant or under-tenants of such lands, tenements, or heredi-taments, the rent thereof as prescribed in the next section.

"8798. Proportion of rent to be paid at death of life tenant.—If such tenant for life die on the day on which the rent was made payable, the whole, or if before such day, then a proportion of such rent, according to the time such tenant for life lived of the last year or quarter of a year, or other time in which the said rent was growing due as afore-said, making all just allowances, or a reasonable part there-of respectively.

"8799. Under-tenants of life tenants to have possession until crop is secured.—If any person shall rent or hire lands of a tenant for life, and such tenant for life dies, the person hiring such land shall not be dispossessed until the crop of that year is finished, he or she securing the payment of the rent when due."

By reference to these sections of the Code it is clearly shown that where a life tenant dies during the crop year, the estate of such life tenant is only entitled to a proportion of such rent, according to the time such tenant for life lived during the last year, quarter of a year, or other time in which the said rent was growing due.

We also think it clear that Section 8799 plainly puts the under-tenant on notice that if he leases land from a tenant for life, who dies during the year, he must secure the payment of a proportion of the rent to the remain-dermen, otherwise the remaindermen may dispossess him.

In the case of *Freeman v. Tompkins,* 1 Strob. Eq. 53, at page 54, 20 S. C. Eq. 53, at page 54, the Court discusses the legislation upon this question and says: "There is no division of opinion in this:—that when the Act says the hirer shall secure the payment of the rent and hire, it means that he shall secure to the remaindermen the proportion of

it which arises after the accrual of the remainder. The proportion arising in the term of the life tenant is already secured to him by the contract of hiring".

In the later case of *May v. Thomas,* 94 S. C. 158, 78 S. E. 85, the Court had occasion to again construe Section 8799 and held that after the life tenant dies the remaindermen can require the tenant to secure the payment of rent when due. In that case it was decided that the tenants under the life tenant were liable to pay the remaindermen two-thirds of what they had contracted to pay the life tenant for the year, the life tenant having lived only one-third of the year.

■ While it is true that a life tenant has the power under the Statute (Section 8799) to lease the land so held "until the crop of that year is finished", and such lease will be held to be valid—even though the life tenant should die before its termination—this does not give the life tenant the right to collect the entire amount of rent agreed upon in advance, thus completely defeating the rights of the remaindermen.

We are satisfied that Section 8799 should be so construed that the rental contract entered into by the life tenant should be divisible as to payments. So that, upon the death of the life tenant the remaindermen are entitled to that proportion of the rent for the whole period which arises after the accrual of the remainder; and that remaindermen cannot be defeated of their right to such proportion by any payment made to the life tenant by cash in advance.

■ The respondent, Roberts, contends that the plaintiffs based their case upon the special contract alleged to have been entered into between them and the respondent for the payment of $800.00, whereas upon the close of all the evidence they abandoned this position and based their right to recover upon the contract entered into between the respondent and the life tenant, which upon the death of the latter accrued to them.

While no formal motion was made to amend the affidavit of the plaintiffs so as to substitute one contract for the other, or rather one amount for the other, it is now shown that the respondent was in no sense misled or prejudiced.

. In passing upon the motions made by appellant and respondent for a directed verdict, the trial judge treated the pleadings just as though the contract entered into between the under-tenant and life tenant was the one sued upon. The test is not whether, under technical rules of pleading, a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant.

If a motion to amend the plaintiffs' affidavit had been made, it would have been proper for the judge to have granted it so as to base the proceeding upon the contract entered into between the under-tenant and life tenant. Such a procedure would not have brought about any real change in the cause of action. The claim of the plaintiffs was their right to collect rent from the tenant. The fact that they claimed a larger amount than the tenant was liable for could not effect any real change in the defendant's legal obligation. It is the same debt which is sought to be recovered by the same plaintiffs from the same defendant, and upon the same ground of liability. See *Sibley & Co. v. Young,* 26 S. C. 415, 2 S. E. 314.

In our opinion, the lower Court committed error in directing a verdict in favor of the respondent. The appellant's alternate motion should have been granted and a verdict directed for them for the sum of $600.00 less 19/31 of 1/12 thereof. In other words, the plaintiffs, who are remaindermen, are entitled to the rent for the entire year, less that accruing during the first 19 days of December, 1945.

The case is remanded to the Circuit Court for entry of judgment to this effect in favor of the plaintiffs.

Judgment reversed.

BAKER, CJ., and STUKES, TAYLOR and OXNER, JJ., concur.